FILED
August 20, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: VJP
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CAUSE NO.: DR25-CR-1546 |
| | § | |
| | § | **SUPERSEDING INDICTMENT** |
| v. | § | |
| | § | [VIO: COUNT ONE: Conspiracy to Traffic Firearms, 18 U.S.C. § 933(a)(1) & (3) and (b); COUNT TWO: Trafficking Firearms, 18 U.S.C. § 933(a)(1), and (b); COUNT THREE: 18 U.S.C. §§ 554 and 371, Conspiracy to Smuggle Goods from the United States; COUNT FOUR: 18 U.S.C. § 554, Smuggling Goods from the United States] |
| JOSE MANUEL NAJERA (1), [redacted] ALONSO NAJERA AVALOS (3), | § | |
| | § | **FORFEITURE** |

THE GRAND JURY CHARGES:

COUNT ONE
[18 U.S.C. § 933(a)(1) & (3), and (b)]

On or about October 31, 2024, in the Western District of Texas, Defendants,

JOSE MANUEL NAJERA,
[redacted]
ALONSO NAJERA AVALOS,

did knowingly conspire and agree, together and with persons known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including but not limited to:

Fabrique National Herstal, Model M249S, 5.56 NATO caliber rifle bearing serial number M249SA10611

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), and (b).

COUNT TWO
[18 U.S.C. § 933(a)(1) and (b)]

On or about October 31, 2024, in the Western District of Texas, Defendant,

JOSE MANUEL NAJERA,

did ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including but not limited to:

Fabrique National Herstal, model M249S, 5.56 NATO caliber rifle bearing serial number M249SA10611

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1) and (b).

COUNT THREE
[18 U.S.C. §§ 554 & 371]

At all times relevant to this Indictment:

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq.

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to the United Mexican States requires a license.

7. Defendant JOSE MANUEL NAJERA did not have a license or any authority to export firearms or ammunition out of the United States to the United Mexican States.

[redacted]

That on or about October 31, 2024, in the Western District of Texas, Defendants,

JOSE MANUEL NAJERA,
[redacted]
ALONSO NAJERA AVALOS,

did knowingly combine, conspire, confederate, and agree with persons known and unknown, to commit the following offense against the United States: to willingly, fraudulently, and knowingly attempt to export, export and send from the United States, any merchandise, article, or object, to wit:

Fabrique National Herstal, model M249S, 5.56 NATO caliber rifle bearing serial number M249SA10611

which are defense articles as defined under the United States Munitions List, prior to exportation, knowing said merchandise, article, or object to be intended for exportation, contrary to any law or regulation of the United States, in that the Defendants had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) &

2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123 & 127, in violation of Title 18 United States Code, Sections 554.

COUNT FOUR
(18 U.S.C. § 554)

INTRODUCTION

At all times relevant to this Indictment:

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq.

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to the United Mexican States requires a license.

7. Defendant JOSE MANUEL NAJERA did not have a license or any authority to export firearms or ammunition out of the United States to the United Mexican States.

That on or about October 31, 2024, in the Western District of Texas, Defendant,

JOSE MANUEL NAJERA,

knowingly fraudulently and contrary to any law or regulation of the United States exported, sent, attempted to export, and attempted to send from the United States any merchandise, article, and object, to-wit:

Fabrique National Herstal, model M249S, 5.56 NATO caliber rifle bearing serial number M249SA10611

which are controlled items as defined in the CCL, and Defendant had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
**[*See* Fed. R. Crim. P. 32.2]**

**I.**
**Firearms Violations and Forfeiture Statutes**
**[Title 18 U.S.C. § 933(a)(1) and (3) and (b),**
**subject to forfeiture pursuant to Title 18 U.S.C. §§ 934(a) and 924(d)(1),**
**made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 934(a) and 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 934. Forfeiture and fines**
**(a) Forfeiture.**—
**(1) In general.** Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
**(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
**(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.
**(2) Imposition.** —The court, in imposing sentence on a person convicted of a violation of section 932 or 933, shall order, in addition to any other sentence imposed pursuant to section 932 or 933, that the person forfeit to the United States all property described in paragraph (1).

**Title 18 U.S.C. § 924. Penalties**
**(d)(1)** Any firearm or ammunition involved in or used in . . . any other criminal law of the United States . . . shall be subject to seizure and forfeiture . . .

**II.**
**Smuggling Violation and Forfeiture Statutes**
**[Title 18 U.S.C. § 554, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violation set forth in Counts Three and Four, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property, including the items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 981. Civil forfeiture**
**(a) (1)** The following property is subject to forfeiture to the United States:
***
**(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

The offense of smuggling goods from the United States as alleged in Count Three is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

**Title 19 U.S.C. § 1595a. Aiding unlawful importation**
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

This Notice of Demand for Forfeiture includes but is not limited to the following.

1. Fabrique National Herstal, model M249S, 5.56 NATO caliber rifle bearing serial number M249SA10611; and
2. Any other related ammunition and firearm accessories.

A TRUE BILL

[redacted]

JUSTIN R. SIMMONS
United States Attorney

By: ______________________________

JOSEPH DUARTE II
Assistant United States Attorney